IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ROSCOE R. GALLMAN,<br><br>Defendant. | **MEMORANDUM DECISION AND ORDER DISMISSING MOTIONS TO REDUCE SENTENCE**<br><br>Case No. 2:12-cr-00262-DN-1<br><br>District Judge David Nuffer |

Defendant Roscoe R. Gallman seeks a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2).[1] Mr. Gallman argues that Amendment 798 to the United States Sentencing Guidelines, which amended U.S.S.G. § 4B1.2(a)'s definition of "crime of violence" by eliminating its residual clause and revising its list of enumerated offenses, applies retroactively and removes the basis for the enhancement to his offense level and guideline range of imprisonment.[2] Mr. Gallman also argues that he should never have received the enhancement because his prior Colorado state conviction for felony menacing does not qualify as a crime of violence.[3] The government responded arguing that Amendment 798 is a substantive amendment that has no retroactive application to Mr. Gallman's sentence.[4]

---

[1] Motion to Withdraw Pending 28 U.S.C. § 2255 Petition; and, Resubmit Claims Via a Motion Pursuant to Title 18 U.S.C. § 3582(c)(2) and Amendment 798 ("Motion"), docket no. 39, filed May 15, 2017; Motion to Reduce the Sentence Pursuant to Title 18 U.S.C. § 3582(c)(2) and Amendment 798, in Accordance with the Teague Doctrine ("Second Motion"), docket no. 44, filed Aug. 8, 2017.

[2] Motion ¶¶ 2, 5-6; Second Motion ¶¶ 1, 3-6; Defendant's Reply to the Government's Response Brief ("Reply") at 1-3, docket no. 45, filed Sept. 8, 2017.

[3] Motion ¶¶ 3-4, 6; Second Motion ¶¶ 2, 5-6; Reply at 3-5.

[4] United States' Response to Petitioner's Motion to Reduce Sentence ("Response") at 2, docket no. 42, filed July 25, 2017.

Because a reduction of Mr. Gallman's sentence based on Amendment 798 is not consistent with the Sentencing Commission's policy statement in U.S.S.G. § 1B1.10, and because Mr. Gallman's challenges to his sentence and the calculation of his guideline range are not cognizable under § 3582(c)(2), Mr. Gallman is not eligible for relief under § 3582(c)(2) and his motions[5] are DISMISSED for lack of jurisdiction.

## DISCUSSION

"Generally, federal courts lack jurisdiction to modify a term of imprisonment once it has been imposed."[6] However, "a district court may modify a sentence if there is statutory authorization to do so."[7] "Under 18 U.S.C. § 3582(c)(2), a court may reduce a previously imposed sentence if the Sentencing Commission has lowered the applicable sentencing range and 'such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.'"[8]

Mr. Gallman seeks a reduction of his sentence pursuant to § 3582(c)(2) based on Amendment 798 to the United States Sentencing Guidelines.[9] The Sentencing Commission's applicable policy statement, U.S.S.G. § 1B1.10, states:

> A reduction in the defendant's term of imprisonment is *not* consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . none of the amendments listed in subsection (d) is applicable to the defendant[.][10]

---

[5] Motion, docket no. 39, filed May 15, 2017; Second Motion, docket no. 44, filed Aug. 8, 2017.

[6] *United States v. Larsen*, 664 Fed. App'x 751, 752 (10th Cir. 2016) (citing *Dillon v. United States*, 560 U.S. 817, 819 (2010)).

[7] *Id*. (citing *United States v. Graham*, 704 F.3d 1275, 1277 (10th Cir. 2013)).

[8] *United States v. Torres-Aquino*, 334 F.3d 939, 940 (10th Cir. 2003) (quoting 18 U.S.C. § 3582(c)(2)); *see also United States v. Ramirez*, --- Fed. App'x ---, 2017 WL 2683987, *2 (10th Cir. 2017).

[9] Motion ¶¶ 2, 5-6; Second Motion ¶¶ 1, 3-6; Reply at 1-3.

[10] U.S.S.G. § 1B1.10(a)(2)(A) (emphasis added).

Amendment 798 is not among the amendments listed in U.S.S.G. § 1B1.10(d). Therefore, the Sentencing Commission has not made Amendment 798 retroactive and Mr. Gallman is not eligible for relief under § 3582(c)(2) based on Amendment 798.[11]

Nevertheless, the parties assert that retroactive effect may be given to Amendment 798 if it is clarifying rather than substantive—they dispute whether it is clarifying or substantive.[12] This premise is mistaken. Under Tenth Circuit precedent,

> [t]he question whether an amendment to the guidelines is clarifying or substantive goes to whether a defendant was correctly sentenced under the guidelines in the first place, not to whether a correct sentence has subsequently been reduced by an amendment to the guidelines and can be modified in a proceeding under § 3582(c)(2).[13]

Therefore, whether Amendment 798 is clarifying or substantive is not properly the subject of a motion under § 3582(c)(2).[14]

Mr. Gallman's challenges to his sentence and the calculation of his guideline range[15] also are "not cognizable under § 3582(c)(2)."[16] Section 3582(c)(2) "simply authorizes reduction of a sentence based on an amendment to the guidelines, not correction of a sentence that was improper from the outset."[17]

Therefore, because Mr. Gallman's is not eligible for relief under § 3582(c)(2) based on Amendment 798, and because Mr. Gallman's challenges to his sentence and the calculation of

---

[11] *Torres-Aquino*, 334 F.3d at 940-41; *Ramirez*, 2017 WL 2683987, *2.

[12] Motion ¶¶ 2, 5-6; Second Motion ¶¶ 1, 3-6; Reply at 1-3; Response at 2.

[13] *Torres-Aquino*, 334 F.3d at 941.

[14] *Id.*; *Ramirez*, 2017 WL 2683987, *2.

[15] Motion ¶¶ 3-4, 6; Second Motion ¶¶ 2, 5-6; Reply at 3-5.

[16] *United States v. Golden*, 668 Fed. App'x 335, 336 (10th Cir. 2016).

[17] *Id.*

his guideline range are not cognizable under § 3582(c)(2), jurisdiction over Mr. Gallman's motions is lacking.[18]

**ORDER**

IT IS HEREBY ORDERED that Mr. Gallman's motions[19] are DISMISSED for lack of jurisdiction.

Signed September 11, 2017.

BY THE COURT

*[signature]*

District Judge David Nuffer

---

[18] *Ramirez*, 2017 WL 2683987, *2.

[19] Motion, docket no. 39, filed May 15, 2017; Second Motion, docket no. 44, filed Aug. 8, 2017.